UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

RICHARD CROSBY

    v.                                                       Civil No. 24-CV-399-LM-TSM

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

Richard Crosby, who represents himself, has filed a sixth suit in this court, challenging the Social Security Administration's ("SSA") decision many years ago to reduce the amount of his benefits.[1] His current complaint is before the undersigned magistrate judge for a report and recommendation on preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.3(d)(2).

LEGAL STANDARD

The court conducts a preliminary review of complaints filed by plaintiffs, like Crosby, who are permitted to proceed without prepaying the filing fee. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). The court may dismiss claims, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be

---

[1] The court dismissed four of the five prior suits. See Crosby v. Social Security Administration, 22-cv-234-SE, Op. No. 2022 DNH 099 (D.N.H. Aug. 18, 2022); Crosby v. Social Security Administration, 22-cv-469-SM (D.N.H. Nov. 21, 2022) (app'd Dec. 1, 2022); Crosby v. Social Security Administration, 23-cv-108-LM (D.N.H. Feb. 10,, 2023) (app'd Mar. 6, 2023 and aff'd July 14, 2023); Crosby v. Social Security Administration, 23-cv-379-SE-AJ (D.N.H. Aug. 14, 2023) (app'd Aug. 30, 2023). The undersigned has recommended dismissal of the sixth suit. Crosby v. Social Security Administration, 24-cv-166-LM-TSM (D.N.H. Sept. 23, 2024).

granted. See id. Because Crosby proceeds pro se, the court construes his filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## DISCUSSION

Crosby provides little information in the current complaint, stating only that the SSA withheld a substantial portion of the benefits awarded to him, $105,000, after appellate review revealed errors in that determination. Crosby states that the SSA has not provided him a "detailed basis" for withholding funds. He asks the court to award him the amount that was withheld from the SSA benefits and to order the SSA to provide a "full accounting of the withheld amount." Doc. no. 1.

As this court and the First Circuit Court of Appeals have stated with respect to Crosby's prior complaints, the court's jurisdiction to review SSA decisions is limited to review of the final decision of the Commissioner of Social Security within 60 days after notice of the decision is mailed. 42 U.S.G. § 405(g); Crosby v. Social Security Admin., No. 23-1733, 2024 WL 4112908 (1st Cir. Mar. 19, 2024); Crosby v. Social Security Admin., No. 23-1235, 2023 WL 5927142 (1st Cir. July 11, 2023); Crosby, 23-cv-379-SE-AJ, 2023 WL 5614951 (D.N.H. Aug. 14, 2023); Crosby, 23-cv-108-LM, 2023 WL 2505116 (D.N.H. Feb. 10, 2023). Crosby's challenge to the SSA's decision in his current complaint is long after the time allowed for review. The court also lacks authority to award SSA benefits directly to a claimant. See Seavey v. Barnhart, 276 F.3d 1, 9-13 (1st Cir. 2001).

## CONCLUSION

For the foregoing reasons, the district judge should dismiss the complaint (doc. no. 1). Any objections to this Report and Recommendation must be filed within **fourteen days** of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Talesha Saint-Marc
Talesha L. Saint-Marc
United States Magistrate Judge

December 9, 2024

cc:   Richard Crosby, pro se.